

**FRIEDMAN KAPLAN**

**KAELYN E. GUSTAFSON**
kgustafson@fklaw.com
212.833.1169

December 19, 2025

**VIA ECF**

By **February 10, 2026,** Defendant shall file a letter indicating whether it seeks to seal any material in the Complaint and Exhibit, and if so, stating the grounds justifying sealing.

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Dated: January 6, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Re:    1:25-cv-10474, *Engel & Voelkers Florida Residential LLC v. Engel & Völkers Americas, Inc.*, Letter Motion for Temporary Approval of Redacted Filing

Dear Judge Schofield:

This firm is co-counsel representing plaintiff Engel & Voelkers Florida Residential LLC ("Plaintiff") in the above-captioned matter. We write, pursuant to Part I(D)(3) of Your Honor's Individual Practices ("Individual Rules"), as well as Section 6.1 of the SDNY ECF Rules & Instructions, to request the Court's approval to temporarily redact limited portions of Exhibit A to Plaintiff's Complaint (ECF # 1-1). An unredacted version is being filed herewith under seal.

While sealed and redacted materials are "judicial documents" to which a presumption of public access applies, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), that presumption is to be balanced against countervailing factors, such as whether the materials at issue reflect "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).

The material that Plaintiff seeks to temporarily redact is subject to a Confidential Agreement and Covenant Not to Compete dated December 21, 2021, wherein Plaintiff's principals agreed to maintain the confidentially of all pricing and commissions paradigms established by defendant Engel & Völkers Americas, Inc. ("Defendant") and to refrain from disclosing that information to any third party without Defendant's prior consent.

Accordingly, out of an abundance of caution, Plaintiff redacted those portions of the Master Franchise Agreement which reflect pricing and commissions paradigms (*see* ECF 1-1 at 6-8, 348) and respectfully requests the Court's approval to apply such redactions until Defendant has appeared and is given the opportunity to make a motion to seal those provisions.

Hon. Lorna G. Schofield                    - 2 -                    December 19, 2025

Respectfully submitted,

*Kaelyn Gustafson*

Kaelyn E. Gustafson

cc:      All counsel of record (via ECF)

**Appendix Pursuant to Individual Rule Part I(D)(3)**
Defendant and all counsel representing Defendant should have access to the unredacted document.