SO ORDERED.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

Dated: April 23, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Engel & Voelkers Florida Residential LLC, a
Florida Limited Liability Company,

      Plaintiff,

v.

Engel & Völkers Americas, Inc.

      Defendant.

Case No. 1:25-cv-10474

**[~~PROPOSED~~] STIPULATED
CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER**

Plaintiff Engel & Voelkers Florida Residential LLC ("EVFL") and Defendant Engel & Völkers Americas, Inc. ("EVA") (each a "Party," and collectively, the "Parties"), by and through their undersigned counsel, stipulate and agree, subject to approval by the Court, as follows:

1. This Stipulated Confidentiality Agreement and Protective Order (the "Order") governs the handling of documents, electronically stored information, tangible things, testimony, deposition exhibits and transcripts, interrogatory answers, admissions, responses to requests for production, and any other information produced, disclosed, or exchanged in this action (collectively, "Discovery Material"). This Order is entered to facilitate discovery and does not confer blanket protection on all disclosures. The Order's protection extends only to Discovery Material entitled to confidential treatment under applicable law and designated in good faith as provided herein. Nothing in this Order limits either Party's right to object to discovery on any ground, waives any privilege, immunity, or other protection, or constitutes a ruling on admissibility, relevance, authenticity, or discoverability. Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3. The public has a presumptive right of access to judicial documents, and confidentiality designations do not themselves authorize sealing or redaction.

1

2.      The following definitions apply, and the definitions contained in S.D.N.Y. Local Civil Rule 26.3 are incorporated by reference and shall apply to this Order:

a.      "Producing Party" means any party or non-party that produces Discovery Material in this action.

b.      "Receiving Party" means any party that receives Discovery Material in this action.

c.      "Confidential Information" means Discovery Material that the Producing Party in good faith believes contains non-public business information, trade secrets, proprietary information, competitively sensitive information, private personal information, financial information, customer information, contractual information, technical information, personnel information, or other information entitled to protection under Fed. R. Civ. P. 26(c) or other applicable law.

d.      "Highly Confidential – Attorneys' Eyes Only" ("AEO") means a subset of Confidential Information that the Producing Party in good faith believes is so competitively sensitive, proprietary, strategic, or private that disclosure to another party or its business personnel would create a substantial risk of serious competitive or business harm that could not be avoided by less restrictive means.

e.      "Protected Material" means any Discovery Material designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

3.      A Producing Party may designate Discovery Material as Confidential or AEO by clearly marking each page or item with the applicable legend or by otherwise identifying the protected portion in a reasonably clear manner.[1] All deposition testimony shall be treated as

---

[1] By designating Discovery Material Confidential or AEO pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

2

Confidential for fourteen (14) days after receipt of the transcript by counsel of record. Within that period, any party or non-party may designate specific portions of the transcript and exhibits as Confidential or AEO by written notice to all counsel; only the portions so designated shall thereafter be treated as Protected Material, except that testimony or exhibits designated on the record at the deposition shall be treated in accordance with that designation immediately. During the initial fourteen (14) day period, transcripts shall be treated as Confidential. For electronically stored information produced in native format, the designation may be made on the medium, in a load file, by cover letter, by file name, or by other reasonably equivalent means. Inadvertent failure to designate may be corrected by written notice within a reasonable time after discovery of the omission, whereupon the material shall be treated accordingly. The Parties shall use restraint and care in designating material and shall not designate material for tactical reasons or without a good-faith basis.

4.      Unless otherwise ordered by the Court or permitted in writing by the Producing Party, Confidential Information may be disclosed only to:

a.      the Court and its personnel;

b.      Court reporters, videographers, translators, mock jurors, e-discovery vendors, photocopying or graphics services, and other litigation support personnel reasonably necessary for this action;

c.      outside counsel of record for the Parties, as well as attorneys, paralegals, clerks, and other employees of such counsel reasonably necessary to this action;

d.      the Parties' officers, directors, members, managers, employees, and in-house counsel to whom disclosure is reasonably necessary for this action;

e.    experts, consultants, and investigators retained for purposes of this action, provided that such persons first execute the acknowledgment attached as **Exhibit A**;

f.    deposition, hearing, or trial witnesses to whom disclosure is reasonably necessary, provided that such persons first execute **Exhibit A**, unless the witness is the author, addressee, prior recipient, custodian, or otherwise previously possessed or knew the information; witnesses given access shall be provided a copy of this Order, and refusal to execute **Exhibit A** may be addressed by seeking appropriate relief from the Court;

g.    any mediator or settlement officer and their supporting personnel; and

h.    any other person only upon written agreement of the Producing Party or order of the Court.

5.    Absent written consent of the Producing Party or order of the Court, AEO material may be disclosed only to the persons identified in Sections 4(a), 4(b), 4(c), 4(e), 4(g), and 4(h). A deponent or witness described in Section 4(f) may be shown AEO material only if the witness is the author, addressee, prior recipient, custodian, or otherwise previously possessed or knew the information, or if the Producing Party consents in writing or the Court so orders. Absent written consent of the Producing Party or order of the Court, AEO material shall not be disclosed to officers, directors, members, managers, or employees of a Receiving Party.

6.    Protected Material shall be used solely for purposes of prosecuting, defending, attempting to settle, or otherwise participating in this action, including any appeal, and for no other business, commercial, competitive, personal, or other purpose. The Receiving Party shall take reasonable steps to protect Protected Material from unauthorized disclosure or use, and extracts and summaries shall be treated as Protected Material.

4

7.      Before disclosure to any expert, consultant, or investigator, counsel shall provide this Order and obtain a signed acknowledgment in the form attached as **Exhibit A**, to be maintained by counsel.

8.      Any Receiving Party may challenge a designation at any time after conferring in good faith with the Producing Party. The objecting party shall notify the Producing Party in writing specifying with particularity the documents it contends should be differently designated and the grounds for the objection. The Producing Party shall respond to the challenge within five (5) business days, or up to ten (10) business days by written consent of the Parties as the circumstances may dictate. If the dispute cannot be resolved, the challenging party may raise the issue with the Court consistent with the Federal Rules, the Local Civil Rules, and Judge Schofield's Individual Rule III.C.3. The Producing Party bears the burden of establishing that the designation is proper. Until the Court rules, the material shall continue to be treated in accordance with the designation at issue.

9.      An inadvertent failure to designate Discovery Material as Protected Material does not waive a later claim of confidentiality. Upon written notice of a corrected designation, the Receiving Party shall make reasonable efforts to treat the material in accordance with the corrected designation and to retrieve or relabel previously distributed copies as requested. Inadvertent failures may be corrected by written notice within a reasonable time after discovery of the omission. The foregoing provision shall not apply to any documents that have already otherwise become publicly available.

10.     Nothing in this Order precludes the use of Protected Material at any deposition, hearing, or trial in this action, subject to Section 4(f). Any Party seeking to preserve confidentiality in connection with a hearing or trial at which Protected Material will be presented in the presence

of person(s) not otherwise permitted to receive such Protected Material pursuant to Section 4 shall make an appropriate application to the Court, and the Court may fashion measures it deems necessary to preserve confidentiality.

11.    In the event any Discovery Materials designated Confidential are included in, attached to, referred to, or are an exhibit to any brief, memorandum, affidavit, document or transcript which is filed with either the Court or the Clerk during the course of the action, the party using such Discovery Materials shall seek permission from the Court to file the same under seal in accordance with Judge Schofield's Rule I.D.3. The Party with an interest in confidential treatment bears the burden of persuasion and, if not the filing Party, shall promptly file a letter on ECF within two (2) business days supporting the motion. This Order states and the Parties acknowledge: "Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3. The Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the Parties have redacted, sealed, or designated as confidential." The Court retains discretion at all times over confidentiality designations and treatment.

12.    Any non-party producing information may avail itself of this Order by designating material in accordance with its terms. If a filing contains Protected Material produced by a non-party Producing Party, the filing Party shall, within twenty-four (24) hours after the redacted filing, notify that Producing Party by providing: (a) the publicly filed redacted submission; and (b) a version of the filing with that Producing Party's Protected Material unredacted, so the Producing Party may determine whether to support sealing or redaction. The party with an interest in confidential treatment bears the burden and shall promptly file any supporting letter within two business days.

13.     If a Receiving Party receives a subpoena, court order, or other compulsory process seeking Protected Material produced by another Party, the Receiving Party shall, to the extent permitted by law, notify the Producing Party in writing, and in no event more than three (3) court days after (i) receiving the subpoena or order, or (ii) determining that responding to the subpoena or order would require the Receiving Party to produce or disclose Protected Material, to the extent that such determination cannot be reasonably made at the time of receipt of the subpoena or order, provide a copy of the demand, and allow a reasonable period (no less than five (5) business days where feasible or such shorter period as required by the return date) for the Producing Party to object or seek relief. Nothing herein authorizes a Receiving Party to disobey a lawful directive from another court or tribunal.

14.     If  Protected Material is disclosed to any person not authorized by this Order, the Receiving Party responsible shall promptly: (a) notify the Producing Party; (b) use reasonable efforts to retrieve the material; (c) inform the unauthorized recipient of the terms of this Order; and (d) request that the recipient execute the acknowledgment attached as **Exhibit A**.

15.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents, communications, or electronically stored information ("ESI"), whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents or ESI (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. If Protected Information covered by privilege or protection is inadvertently produced, the Producing Party shall take reasonable steps

7

to correct the error, including requesting return; the Receiving Party shall promptly return the Protected Information, destroy all copies, and shall not assert that its return has caused prejudice.

16.     Within sixty (60) days after final termination of this action, including any appeals, each Receiving Party shall return or destroy Protected Material , except that counsel may retain one archival copy of pleadings, motion papers, discovery responses, deposition transcripts and exhibits, expert materials, attorney work product, correspondence, and court filings; any retained material remains subject to this Order. Upon request of the Producing Party, the Receiving Party shall promptly confirm the return or destruction of all Protected Material. The Receiving Party shall not be required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Protected Material, or Protected Material contained in deposition transcripts or drafts or final expert reports. This Order shall continue to be binding after conclusion of this action, except that there shall be no restriction on documents used as court exhibits unless filed under seal.

17.     Any person receiving Protected Material shall use reasonable measures to store and maintain it to prevent unauthorized disclosure and shall comply with the return/destruction obligations in Section 16.

18.     Before any discovery motion regarding Protected Material, the Parties shall confer in good faith and proceed in accordance with the Federal Rules, Local Civil Rule 37.2, and Judge Schofield's Rule III.C.3, including the requirement to file a letter motion for a pre-motion discovery conference if disputes remain.

19.     Production or disclosure of Protected Material does not waive objections to production of other information or objections on any grounds, and failure to challenge a designation does not preclude a later challenge. Nothing herein prevents a Party from seeking further or different protection, or modification of this Order, by stipulation or motion.

20.    This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Protected Material is produced or disclosed.

21.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

22.    The Parties acknowledge and this Order states: "Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3. The Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the Parties have redacted, sealed, or designated as confidential." The Court retains discretion at each point addressed in this Order concerning confidentiality, access, sealing, redactions, and use of Protected Material.

SO STIPULATED AND AGREED.

Counsel for the Parties:

**Friedman Kaplan Seiler**
**Adelman & Robbins LLP**
*Local Counsel for Plaintiff*
7 Times Square
New York, NY 10036-6516
Tel: (212) 833-1132

By: /s/ *Rahul Agarwal*
      Rahul Agarwal, Esq. (NYBN 4491478)
      Email: ragarwal@fklaw.com
      Kaelyn E. Gustafson, Esq. (NYBN 5616214)
      Email: kgustafson@fklaw.com

      and

**Zarco Einhorn Salkowski, P.A.**
*Counsel for Plaintiff*
*(Admitted Pro Hac Vice)*

**K&L Gates**
*Counsel for Defendant*
One Newark Center, 10th Floor
Newark, NJ 07102-5285
Tel: (973) 848-4199

By: /s/ *Anthony P. La Rocco*
      Anthony P. La Rocco, Esq
      Anthony.LaRocco@klgates.com
      Patrick Maley, Esq.
      Email:
      Patrick.maley@klgates.com

One Biscayne Tower
2 S. Biscayne Tower, 34th Floor
Miami, FL 33131
Tel: (305) 374-5418

By: /s/ Robert M. Einhorn
        Robert M. Einhorn, Esq. (FBN 858188)
        Email: reinhorn@zarcolaw.com
        Email: imorfi@zarcolaw.com
        F. Alaina Rodriguez, Esq. (FBN
        1070046)
        Email: farodriguez@zarcolaw.com
        Email: bryan@zarcolaw.com

10

# **<u>EXHIBIT A</u>**

11

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, residing at _____,

declare that:

      1.      I have read and understand the Stipulated Confidentiality Agreement and Protective

Order entered in Engel & Voelkers Florida Residential LLC v. Engel & Völkers Americas, Inc.,

No. 1:25-cv-10474-LGS (S.D.N.Y.).

      2.      I agree to comply with and be bound by all of its terms, and I will use Protected

Material solely for purposes of this action and not for any other purpose.

      3.      I will not disclose any Protected Material except as permitted by the Order, and I

will take reasonable steps to safeguard such material from unauthorized disclosure.

      4.      At the conclusion of this action, I will return or destroy Protected Material in my

possession as required by the Order.

      5.      I consent to the jurisdiction of the United States District Court for the Southern

District of New York for purposes of enforcing the Order, even if such enforcement proceedings

occur after termination of this action.

Signature: _____

Printed name: _____

Company/Affiliation: _____

Title/Position: _____

Date: _____