ZARCO EINHORN SALKOWSKI
ATTORNEYS AT LAW

ROBERT ZARCO
ROBERT M. EINHORN
ROBERT F. SALKOWSKI*
HIMANSHU M. PATEL
KAARI-LYNN S. GAGNON
MARY NIKEZIC**
MICHAEL D. BRAUNSTEIN

2 S. BISCAYNE BLVD., 34TH FLOOR, MIAMI, FL 33131
**MIAMI:** (305) 374-5418 | **NATIONAL:** (800) 299-4929
WWW.ZARCOLAW.COM

SABRINA ZARCO
JACKY BEDA
ALEC R. SHELOWITZ
ROBERT M. GALLINAR
VICTORIA DIAZ
TAYLOR N. DUNCKER
ALAINA LIMBO

*ALSO ADMITTED TO PRACTICE IN NJ
**ALSO ADMITTED TO PRACTICE IN IL

August 14, 2026

**VIA ECF**

By **August 20, 2026**, Defendant shall file a responsive letter. **SO ORDERED.**

Dated: August 17, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

***Re: Engel & Voelkers Florida Residential LLC ("EVFL") v. Engel & Völkers Americas, Inc. ("EVA"), Case No. 1:25-cv-10474 (LGS)—Letter Motion for a Pre-Motion Discovery Conference***

Dear Judge Schofield:

We, together with our local counsel, Friedman Kaplan Seiler Adelman & Robbins LLP, represent Plaintiff EVFL in the above-captioned action. Pursuant to Local Civil Rule 37.2 and Sections III.A.1 and III.C.3 of Your Honor's Individual Rules, EVFL respectfully requests a pre-motion discovery conference in anticipation of a motion to compel EVA to produce documents concerning certain documents responsive to Request Nos. 10 and 11 of EVFL's First Request for Production (the "First Request") and Request No. 39 of EVFL's Second Request for Production (the "Second Request"). EVFL proposes a conference on or after August 28, 2026.

By way of background, EVFL conferred with EVA's prior counsel, K&L Gates LLP, by telephone on April 28 and June 9, 2026.[1] *See generally*, Ex. A; Ex. B. At both conferrals, prior counsel stood firm on EVA's objections to First Request Nos. 10 and 11 and confirmed EVA would not produce documents responsive to same. EVFL did not then bring the impasse to the Court because Pillsbury Winthrop Shaw Pittman LLP soon after filed its appearance on behalf of EVA (ECF 48) and subsequently asked for the opportunity to review the outstanding production issues and attempt to resolve them before any dispute was raised with the Court.[2] *See* Ex. C, at 3 ("Before we let the Court know we're at an impasse on the issue, we would like the opportunity to try to resolve it."). The parties' joint status letters reflected that accommodation, reporting that

[1] A true and correct copy of the correspondence between counsel memorializing the parties' conferrals dated April 28, 2026 and June 9, 2026 are attached hereto as **Exhibit A** and **Exhibit B**, respectively.
[2] A true and correct copy of the correspondence between counsel dated June 23, 2026, is attached hereto as **Exhibit C**.

they would continue to meet and confer and "keep the Court apprised of whether motion practice will be necessary." (ECF 55, 64).

EVA's new counsel's review has not changed EVA's position. In its August 10, 2026, Responses and Objections to the Second Request, EVA objected to Second Request No. 39 solely as "duplicative of, among others, Request Nos. 10 and 11 of EVFL's First Set of Requests, to which EVA has already objected on the basis that they are not relevant."[3] *See* Ex. D, at 2–3. On August 14, 2026, EVA's counsel confirmed that EVA stands on its objections to First Request Nos. 10 and 11 and will not produce documents responsive to Second Request No. 39 on the basis of relevancy.

First Request Nos. 10 and 11 seek documents concerning EVA's acquisition of the California master franchise territory, including its strategy, rationale, and valuation of that transaction. *Id.* at 1–2. Relatedly, Second Request No. 39 reaches similar documents of other master franchise territories in the Engel & Völkers brand, including Chile and South Africa, which the First Request never addressed. *Id.* at 3.

Rule 26(b)(1) permits discovery of nonprivileged matter relevant to any claim or defense and proportional to the needs of the case. Once relevance is shown, the responding party bears the burden of justifying curtailment, and "[g]eneral and conclusory objections as to relevance, overbreadth, or burden are insufficient." *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 102 (S.D.N.Y. 2013) (citation omitted).

The First Amended Complaint ("FAC") (ECF 33) alleges EVA pursued a deliberate scheme to devalue EVFL and reacquire the Florida territory—the last remaining master franchise—before its private-equity owner's exit. FAC ¶¶ 39, 70–72. EVA's prior acquisitions of master franchise territories are the only precedents for that transaction and it is direct evidence of pattern, knowledge, and intent on the implied covenant and FDUTPA claims. The valuation materials are independently discoverable: EVFL claims diminution in enterprise value exceeding $69.8 million, FAC ¶ 119, and the California transaction and potential valuation of other master franchises such as Chile and South Africa are the closest market comparators for pricing an Engel & Völkers master territory. In fact, EVA's own strategy report from 2024 used the California acquisition as a comparator for its potential buy-back of EVFL's business. EVA cannot withhold the comparator transactions it executed while contesting EVFL's valuation methodology at trial. The requests are proportional as they target discrete transactions and there are no confidentiality concerns given the parties' Stipulated Protective Order. (ECF 41).

The responses themselves violate Rule 34(b)(2) and should be overruled. EVA's response to First Request No. 10 is a string of conclusory objections—that the request is "vague, ambiguous,

---

[3] A true and correct copy of EVA's April 20, 2026 Responses and Objections to the First Request Nos. 10–11 and EVA's August 10, 2026 Responses and Objections to the Second Request No. 39 as composite **Exhibit D**.

overly broad, and unduly burdensome," that it seeks privileged documents and trade secrets "to the extent" it does—that never engages the request's subject matter, never states whether responsive documents are being withheld, as Rule 34(b)(2)(C) requires, and invokes the "reasonably calculated to lead to the discovery of admissible evidence" standard that the 2015 amendments removed from Rule 26(b)(1). *See Fischer v. Forrest*, No. 14 Civ. 1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) (analyzing non-compliant Rule 34 responses). EVA's response to Request No. 11 states, in its entirety, "See Response to Request No. 10." Indeed, objections of this kind "violate" amended Rule 34 and risk waiver. *Id.* ("From now on in cases before this Court, any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege).").

EVFL asked EVA's prior counsel to withdraw the boilerplate and serve compliant responses. Not only did EVA's prior counsel refuse, asserting that a motion to compel withdrawal of the objections would be "academic and moot," but it also went so far as to threaten to "claw back any documents" purportedly "produced in good faith 'notwithstanding' any objection that is upheld." Ex. A, at 2. In direct contravention with the Rule 34 and this Court's express order in *Fischer,* EVA's new counsel repeats the same approach. EVA's Response to Second Request No. 39 incorporates nearly identical boilerplate objections and fails to state whether documents are being withheld. Notably, during the parties' August 14, 2026 telephonic conferral, EVA's counsel maintained a relevancy objection notwithstanding the string of boilerplate objections set forth in its response to Second Request No. 39. Consistent with Rule 34 and *Fischer*, EVA's boilerplate objections should be overruled or deemed waived.

In sum, EVFL respectfully requests a conference and leave to move to compel production responsive to First Request Nos. 10 and 11 and Second Request No. 39, with EVA's objections overruled or deemed waived.

Respectfully submitted,

/s/ F. Alaina Limbo

F. Alaina Rodriguez, Esq.

cc: All counsel of record (via ECF)