pillsbury

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Kenneth W. Taber
tel: +1.212.858.1813
kenneth.taber@pillsburylaw.com

September 17, 2026

**VIA ECF**

Hon. Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Application **HELD IN ABEYANCE**. By **September 21, 2026**, EVFL shall file any response in support of sealing the at-issue documents. The letter and exhibit at Dkt. Nos. 87 and 87-1 will be sealed pending the resolution of the motion.

The Clerk of Court is respectfully directed to place under seal Dkt. Nos. 87 and 87-1.

Dated: September 18, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: *Engel &Voelkers Florida Residential LLC v. Engel & Völkers Americas, Inc.*, Case No. 1:25-cv-10474-LGS

Dear Judge Schofield:

We write on behalf of Defendant/Counterclaimant Engel & Völkers, Americas, Inc. ("EVA") in the above-referenced matter, pursuant to Rule I(D) of Your Honor's Individual Rules and Procedures for Civil Cases, to request leave to re-file EVA's September 14, 2026 letter ("Letter") (ECF 87), this time with the redactions described below to the Letter and to Exhibit A thereto (ECF 87-1), and to direct the Clerk to seal the Letter and Exhibit A filed at ECF 87 and 87-1, respectively.

The Letter summarizes testimony from the deposition of Oliver Tonn, Plaintiff Engel & Voelkers Florida Residential LLC's ("EVFL") designated Rule 30(b)(6) witness, specifically his admissions regarding the parties' Master Franchise Agreement and EVFL's current financial condition. Exhibit A consists of excerpts of that testimony from Mr. Tonn's deposition. It is the material concerning EVFL's current financial condition, in particular, that EVFL maintains in ECF 88 should have been filed under seal. We are willing to abide by that request.

A party seeking to file a document under seal must address the presumption in favor of public access to judicial documents. The Second Circuit set forth the relevant standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). *Lugosch* provides that "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 119). A court balances this common law presumption of

access against competing comparisons, including "'the privacy interests of those resisting disclosure.'" *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Thus, the issue is whether "the privacy interests" of the parties "outweigh the presumption of public access." *GoSMiLE*, 769 F. Supp. 2d at 650.

"[C]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information." *In re B&C KB Holding GmbH*, No. 22-MC-180 (LAK) (VF), 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (citing cases). That is because "[i]f publicly revealed, sensitive business information could undercut a business's competitive advantage." *Brunckhorst v. Bischoff*, No. 21 CIV. 4362 (JPC), 2024 WL 4276201, at *3 (S.D.N.Y. Sept. 24, 2024).

Here, the parties' privacy interest in retaining the confidentiality of deposition testimony concerning a private party's current financial condition outweighs the presumption of public access, because the testimony constitutes confidential business information. *See Dixon v. Reid*, No. 23-CV-09878 (JAV), 2026 WL 91850, at *2 (S.D.N.Y. Jan. 13, 2026) (explaining that the court had previously authorized filing deposition testimony under seal because it qualified as confidential business information). Exhibit A contains Mr. Tonn's statements regarding his understanding of EVFL's potential exposure to paying EVA's attorneys' fees and costs in this matter, and EVFL's lack of resources to pay those fees and costs. The Letter then summarizes the substance of Mr. Tonn's statements.

This request is narrowly tailored, as EVA proposes to redact only a portion of the Letter and a portion of Exhibit A.[1]

Respectfully submitted,

*/s/ Kenneth W. Taber*
Kenneth W. Taber

cc: All Counsel of Record (via ECF)

[1] Notably, EVFL is the party with an interest in confidential treatment and therefore bears the burden of persuasion under the Protective Order entered in this case. *See* ECF No. 41 ¶ 11. The Protective Order instructs that, where the party with an interest in confidential treatment is not the filing party, that party "shall promptly file a letter on ECF within two (2) business days supporting the motion." *Id.* EVFL did not. EVA nevertheless makes this request in a good-faith attempt to comply with the Protective Order.