ZARCO EINHORN SALKOWSKI
ATTORNEYS AT LAW

ROBERT ZARCO
ROBERT M. EINHORN
ROBERT F. SALKOWSKI*
HIMANSHU M. PATEL
KAARI-LYNN S. GAGNON
MARY NIKEZIC**
MICHAEL D. BRAUNSTEIN

*ALSO ADMITTED TO PRACTICE IN NJ
**ALSO ADMITTED TO PRACTICE IN IL

2 S. BISCAYNE BLVD., 34TH FLOOR, MIAMI, FL 33131
**MIAMI:** (305) 374-5418 | **NATIONAL:** (800) 299-4929
WWW.ZARCOLAW.COM

SABRINA ZARCO
JACKY BEDA
ALEC R. SHELOWITZ
ROBERT M. GALLINAR
VICTORIA DIAZ
TAYLOR N. DUNCKER
ALAINA LIMBO

September 17, 2026

EVFL's application is **DENIED** without prejudice to renewal. The parties shall confer regarding EVA's anticipated September 21, 2026, production of California buy-back documents and additional rolling productions and EVA's proposal for the deficiencies identified in EVFL's August 14, 2026, letter. By **September 28, 2026**, the parties shall file a joint letter stating whether any dispute remains. EVA is directed to make efforts to expedite its document production obligations.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 90.

Dated: September 21, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

***Re:*** ***Engel & Voelkers Florida Residential LLC ("EVFL") v. Engel & Völkers Americas, Inc. ("EVA"), Case No. 1:25-cv-10474 (LGS)—Letter Motion to Compel Production of Outstanding Documents***

Dear Judge Schofield:

We, together with our local counsel, Friedman Kaplan Seiler Adelman & Robbins LLP, represent Plaintiff EVFL. Pursuant to Local Civil Rule 37.2, Sections III.A.1 and III.C.3 of Your Honor's Individual Rules, and Rule 37(b), EVFL respectfully requests an order compelling EVA to produce, by a date certain, (1) the California transaction documents the Court ordered produced on August 21, 2026 (ECF 70), as to which EVA's sole production—a handful of documents on September 8, 2026—is facially incomplete on the face of the produced documents themselves, and (2) the categories of responsive documents identified in EVFL's August 14, 2026 deficiency letter attached hereto as "**Exhibit A**," which remain entirely unproduced. In the alternative, EVFL requests a pre-motion discovery conference at the Court's earliest convenience.

**<u>EVA Has Not Complied with the Court's August 21, 2026 Order</u>**

On August 21, 2026, the Court ordered that, "[i]n response to RFPs 10 & 11, EVA shall produce (1) the purchase agreement, any term sheets and any valuations for the transaction, and (2) documents and communications sufficient to show EVA's strategy, rationale and objectives for the transaction," directing the parties to confer on the second category and report by August 28, 2026. ECF 70. Consistent with the Court's Order, the parties conferred on August 27, 2026 and jointly reported that EVA would propose search terms and that the parties would "promptly advise the Court in the event a dispute arises." ECF 73. EVA provided a search-terms document on August 21 and revised terms on August 31, 2026; EVFL accepted EVA's own revised terms

the same evening, without alteration, and asked EVA to provide a target date for production.[1] Ex. B. EVA never responded. On September 3, 2026, EVFL asked again: "When can we expect the production of the documents responsive to EVFL's Request Nos. 10 and 11, as well as the documents identified in EVFL's Meet and Confer Letter dated August 14, 2026?" Ex. B. EVA never responded to that inquiry either. Instead, on September 8, 2026, EVA produced a handful of documents (EVA_00247018–00247279): a native spreadsheet; a single December 12, 2018 Supervisory Board presentation; a single July 2018 email chain; a third-party valuation stamped "DRAFT"; and a copy of the April 24, 2019 Stock Purchase Agreement.

The production is deficient on the face of its own documents. For example, EVA produced a draft valuation dated July 2018 and the email transmitting it states it remains "in 'DRAFT' form" pending the seller's feedback, and no final valuation, and none of the feedback, was produced. That same email chain—the only communication of any kind in the production—ends with the California seller telling EVA's then-CEO he "cannot accept the valuation" and asking "if and how you would like to proceed from here," while referencing a valuation negotiation four years earlier; no response, no ensuing negotiation, and no earlier valuation appears in the production. And the board presentation records that the sell side agreed to economic terms on December 10, 2018 and lists next steps of legal, tax, and financial due diligence and negotiation of the purchase agreement—yet no preliminary agreement, no due diligence materials, and no executed board approval was produced. A transaction negotiated from at least July 2018 through an April 2019 signing did not generate one email chain. EVA's own agreed search terms necessarily capture that negotiation record.

**The August 14 Letter Categories Remain Entirely Unproduced**

EVFL's August 14, 2026 letter identified, with Bates-level specificity, categories of responsive documents that EVA agreed to produce or that EVA's own production and witnesses establish exist. *See* Ex. A. The parties conferred regarding these categories on August 18 and August 27, 2026. More than a month after the letter, EVA has produced nothing responsive to any category, has not stated that responsive documents do not exist, has not provided the requested collection disclosures, and has not answered either of EVFL's status inquiries.

**EVA's Delay Is Materially Prejudicial**

Under the Third Amended Civil Case Management Plan, fact discovery closes November 4, 2026, affirmative expert reports are due October 16, 2026, and rebuttal reports are due November 16, 2026. ECF 78; ECF 73. The California valuation documents the Court ordered produced are core inputs to EVFL's damages expert's affirmative report and the remaining depositions, including EVA's Chief Financial Officer on October 7, 2026, cannot fairly proceed

[1] A true and correct copy of counsels' email correspondence from August 25, 2026 through September 3, 2026 is attached hereto as "**Exhibit B.**"

without the withheld records. ECF 75. Every week of silence converts EVA's non-compliance into expert-report and deposition prejudice that cannot be repaired after the fact.

EVFL respectfully requests an order directing EVA to (i) complete its first-category production—any term sheets, and all remaining valuations of the California transaction, including internal valuations—or certify in writing that none exist, within seven (7) days; (ii) complete its production of the Order's second-category documents under the agreed search terms, including internal communications and memoranda and EVA's communications with the California master license partner, by a date certain; and (iii) produce the documents identified in EVFL's August 14, 2026 letter, or state in writing, category by category, that no responsive documents exist after a diligent search of all sources within seven (7) days. EVFL reserves the right to seek to reopen or continue any deposition prejudiced by late production, at EVA's expense, and to seek appropriate relief under Rule 37(b) in the event of continued non-compliance. In the alternative, EVFL requests a conference at the Court's earliest convenience.

Respectfully submitted,

By: /s/ F. Alaina Limbo
F. Alaina Rodriguez, Esq.
Robert M. Einhorn, Esq.

cc: All counsel of record (via ECF)