# ZARCO EINHORN SALKOWSKI

ATTORNEYS AT LAW

ROBERT ZARCO
ROBERT M. EINHORN
ROBERT F. SALKOWSKI*
HIMANSHU M. PATEL
KAARI-LYNN S. GAGNON
MARY NIKEZIC**
MICHAEL D. BRAUNSTEIN

*ALSO ADMITTED TO PRACTICE IN NJ
**ALSO ADMITTED TO PRACTICE IN IL

2 S. BISCAYNE BLVD., 34TH FLOOR, MIAMI, FL 33131
**MIAMI:** (305) 374-5418 | **NATIONAL:** (800) 299-4929
WWW.ZARCOLAW.COM

SABRINA ZARCO
JACKY BEDA
ALEC R. SHELOWITZ
ROBERT M. GALLINAR
VICTORIA DIAZ
TAYLOR N. DUNCKER
ALAINA LIMBO

September 21, 2026

EVFL's motion to seal is **GRANTED** and EVA's motion to seal is **DENIED** as moot. The referenced letter and exhibit may be re-filed by EVA in redacted form for substantially the reasons stated in this letter. The full unredacted version of the referenced letter and exhibit has already been filed under seal at Dkt. Nos. 87 and 87-1.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 89.

Dated: September 22, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** ***Engel & Voelkers Florida Residential LLC v. Engel & Völkers Americas, Inc.*, Case No. 1:25-cv-10474-LGS—EVFL's Response in Support of Sealing ECF 87-1**

Dear Judge Schofield:

Pursuant to the Court's September 18, 2026 Order (ECF 93) and Paragraph 11 of the Stipulated Protective Order (ECF 41), Plaintiff Engel & Voelkers Florida Residential LLC ("EVFL") respectfully submits this response in support of sealing EVA's September 14, 2026 letter and Exhibit A thereto (ECF 87, 87-1), and does not oppose EVA's request for leave to re-file those documents with the redactions described in ECF 89. EVFL is the party with an interest in confidential treatment: the material at issue is deposition testimony of EVFL's principal, Oliver Tonn, concerning EVFL's current financial condition, resources, and ability to pay—testimony elicited over EVFL's objection that it called for confidential financial information, and designated Confidential under Paragraph 3 of the Protective Order. ECF 87-1 at 4; ECF 41 ¶ 3.

Sealing is warranted under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). The common law presumption in favor of permitting public access to judicial documents generally applies to documents "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. "A court balances this common law presumption of access against competing comparisons, including 'the privacy interests of those resisting disclosure.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch*, 435 F.3d at 120). Thus, the issue is whether EVFL's "privacy interests of . . . outweigh the presumption of public access." *Id.* at 650.

Here, Mr. Tonn's deposition transcript was filed in connection with EVA's request for a pre-motion conference on a contemplated Local Civil Rule 54.2 security application (ECF 81)—a non-dispositive matter. The presumption of public access attaching to filings on non-dispositive motions is "generally somewhat lower than the presumption applied to material introduced at trial,

or in connection with dispositive motions," and the reasons for sealing "usually need not be as compelling as those required to seal summary judgment filings." *Brown v. Maxwell*, 929 F.3d 41, 49–50 (2d Cir. 2019); *see also Giuffre v. Maxwell*, 146 F.4th 165 (2d Cir. 2025); *In re N.Y.C. Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247 (S.D.N.Y. 2022) (presumption entitled to only "modest" weight for discovery-related motions).

EVFL's privacy interest in its confidential financial condition outweighs that modest presumption. As EVA itself acknowledges, "[c]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information." ECF 89 at 2 (quoting *In re B&C KB Holding GmbH*, No. 22-MC-180 (LAK) (VF), 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023)); *see also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing financial information); *Nervora Fashion, Inc. v. Advance Mag. Publishers Inc.*, 2025 WL 406669 (S.D.N.Y. Feb. 5, 2025) (redaction of a party's financial information justified). EVFL is a private company. Public disclosure of testimony about its liquidity and capacity to satisfy hypothetical multimillion-dollar fee awards would expose sensitive, non-public financial information to competitors, counterparties, and the market, to EVFL's concrete commercial detriment.

EVFL agrees that the relief sought is narrowly tailored.[1] EVA proposes that only the portions of ECF 87 and Exhibit A concerning EVFL's financial condition be redacted, with the balance publicly filed. *See Olson v. Major League Baseball*, 29 F.4th 59, 88–89 (2d Cir. 2022) (targeted redactions accommodate privacy concerns without unduly impairing public access).

Finally, sealing is consistent with the Protective Order, which treats deposition testimony as Confidential for fourteen days after receipt of the final transcript and requires leave of Court before Confidential material is publicly filed. ECF 41 ¶¶ 3, 11. ECF 87-1 was filed publicly within that fourteen-day window—indeed, before EVFL had received the transcript—and EVFL promptly requested sealing in its September 17 response. ECF 88 at 1. This letter confirms that request pursuant to ECF 93.

EVFL therefore respectfully requests that the Court maintain ECF 87 and 87-1 under seal and grant EVA leave to re-file both documents with the proposed redactions.

Respectfully submitted,

/s/ F. Alaina Rodriguez
F. Alaina Rodriguez

cc: All Counsel of Record (via ECF)

---

[1] EVFL's agreement that only portions of the excerpt warrant redaction should not be mistaken for agreement that ECF 87-1 was properly filed; the transcript was Confidential in its entirety under Paragraph 3 of the Protective Order at the time of filing.